on the proposition that the declarations of the insured husband, made after the date of the policy, as to his health existing, or matters of private history occurring, prior to the date of the policy, are not admissible as evidence in a suit by the wife upon her policy.

[Compare Evers v. Life Ass'n of America, 59 Mo. 429.]

WILSON (LINDENBERGER v.).   See Case No. 8,361.

WILSON (LOVEJOY v.).   See Case No. 8,-551.

WILSON v. LUDLOW.   See Case No. 8,052.

## Case No. 17,819.

### WILSON v. McCLEAN et al.

[1 Cranch, C. C. 465.] [1]

Circuit Court, District of Columbia.   Nov. Term, 1807.

EVIDENCE — STATEMENT OF GROUNDS FOR BELIEF.

When a witness states the grounds of his belief of a material fact, his belief, together with the reasons of his belief, are proper evidence to be left to the jury.

In a deposition the deponent said he *"believed the goods were for the house of McClean & Winterberry, as they were shipped to McClean & Winterberry at Alexandria."*

Mr. Youngs. for defendant, moved the court to strike out the words above (in italics), which the court refused, because the witness has stated the grounds of his belief.

DUCKETT, Circuit Judge, absent.

WILSON (McIVER v.).   See Case No. 8,833.

## Case No. 17,820.

### WILSON v. MANDEVILLE et al.

[1 Cranch, C. C. 433.] [1]

Circuit Court, District of Columbia.   July Term, 1807.

LIMITATION OF ACTIONS — MERCHANT'S ACCOUNTS.

The statute of limitations, does not apply to accounts between merchants.

Assumpsit for goods sold and delivered. Pleas general issue, and limitation of five years.   Va. Law, Dec. 19, 1792, p. 107, § 4.

E. J. Lee, for plaintiff, moved for leave to withdraw the general replication and put in a special replication, that the money in the several promises, &c., became due "on trade and merchandise had between the plaintiff and defendants as merchants, and wholly con cerned the trade of merchandise."   This replication was taken verbatim from that in Webber v. Tivill, 2 Saund. 122.

Mr. Lee cited Scudemore v. White, 1 Vern.

456;   Chievly v. Bond, 4 Mod. 105;   Catling v. Skoulding, 6 Term R. 189.

Mr. Youngs, for defendant, contended that the exception in the statute applies only to actions of account.

THE COURT permitted the general replication to be withdrawn and the special replication to be filed, being of opinion that the exception did not apply to actions of account only, but to assumpsit upon open accounts. See the cases cited in notes to the case of Webber v. Tivill, 2 Saund. 124.

[See Case No. 17,821.]

## Case No. 17,821.

### WILSON v. MANDEVILLE et al.

[1 Cranch, C. C. 452.] [1]

Circuit Court, District of Columbia.   Dec. 18, 1807.[2]

LIMITATION OF ACTIONS — MERCHANTS' ACCOUNTS — PRACTICE.

1. The statute of limitations does not apply to accounts current of trade and merchandise between merchants, and it is not material that all dealings between the parties had ceased for more than five years before the bringing of the suit.

2. After judgment for the plaintiff upon demurrer to the replication to the plea of limitations, the court will not permit the defendant to withdraw the demurrer, and rejoin specially, unless he can show by affidavit, that it is necessary to the justice of the case.

Assumpsit.   The declaration consisted of three counts: (1) Indebitatus assumpsit for goods sold and delivered.   (2) Quantum valebant.   (3) Indebitatus assumpsit in the sum of $135.47, "for the hire of a certain negro man named Herbert, by the plaintiff, before that time hired to the defendants at their special instance and request, and they the said defendants according to that hiring, had used and labored the said negro man; and being so indebted the said defendants in consideration thereof," &c., "promised to pay," &c. Pleas: (1) Non assumpsit. (2) The act of limitations, non assumpsit infra quinque annos. Replication: "That the money in the several promises and undertakings aforesaid above mentioned' in the declaration, at the time of making the promises and undertakings aforesaid, became due and payable on an account current of trade and merchandise had between the said plaintiff and the said defendants as merchants, and wholly concerned the trade of merchandise." Rejoinder: "That in the month of January, 1799, the partnership of Mandeville and Jamesson was dissolved, and public notice given of such dissolution, of which the plaintiff had a knowledge at the time; and that at the time of the said dissolution of the partnership aforesaid, all accounts between the said plaintiff and

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 5 Cranch (9 U. S.) 15.]